WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secura Supreme Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Lindsey Radomski, et al.,<br><br>Defendants. | No. CV-18-02039-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendants Craig Henig, Dayna Henig, David Henig, Joshua Henig, and Sammy Henig's (collectively, "Henig Defendants") Motion for Award of Attorneys' Fees (Doc. 24). The Court now rules on the Motion.

**I.  BACKGROUND**

Defendant Lindsey Radomski filed suit against the Henig Defendants in state court alleging a host of tort claims. (*See* Doc. 1 at 11). At the time of the alleged torts, Defendants Craig Henig and Dayna Henig were covered under an insurance policy that they had with Plaintiff Secura Supreme Insurance Company ("Plaintiff"). (*See id.* at 1–3, 12).

On June 28, 2018, Plaintiff filed a declaratory action in this Court that sought a declaration that the insurance policy did not cover the tort claims that Defendant Radomski had alleged against the Henig Defendants. (*See id.* at 12–13). The Henig Defendants answered the Complaint on October 9, 2018. (Doc. 11). On March 18, 2019, the Court received notice that the parties had settled the underlying state court litigation. (Doc. 22). In light of this development, on March 19, 2019, the Court ordered that this case be

dismissed with prejudice on April 15, 2019 unless "a party files a request for reinstatement on the Court's trial calendar." (Doc. 23). No party did so, and the Clerk of Court entered judgment dismissing the case with prejudice on April 29, 2019. (Doc. 28). Between filing of the Complaint and entering of judgment, the only action in this case was the parties' mandatory initial disclosures (Doc. 14; Doc. 15; Doc. 16), the parties' joint scheduling conference under Rule 26(f) (Doc. 17), and the Court's issuance of its Rule 16 Scheduling Order (Doc. 21).

On April 8, 2019, the Henig Defendants filed the pending Motion seeking an award of "reasonable attorneys' fees incurred in defending this declaratory judgment action" pursuant to District of Arizona Local Rule of Civil Procedure 54.2 and Arizona Revised Statute ("A.R.S.") § 12-341.01. (Doc. 24 at 1). Plaintiff responded in opposition on April 15, 2019, (Doc. 25), and the Henig Defendants filed their Reply on April 19, 2019, (Doc. 26).

## II. LEGAL STANDARD

Section 12-341.01(A) provides, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." § 12-341.01(A). There is no dispute that this case arises out of a contract. Thus, the Court must decide whether the Henig Defendants are successful parties. If the Court finds that the Henig Defendants are successful parties, then the Court must exercise its discretion on whether to award reasonable attorneys' fees. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184–85 (Ariz. 1985).

## III. ANALYSIS

Under Arizona law, a "trial court must exercise its discretion to determine who is the 'successful party.'" *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1093 ¶ 9 (Ariz. Ct. App. 2007) (citation omitted). Arizona appellate courts will not reverse the trial court's decision as to which party is successful under § 12-341.01(A) if there is "any reasonable basis" for its decision. *See id.* (citation omitted).

Preliminarily, Plaintiff argues that "[t]he general rule is that attorneys' fees are not awarded when a plaintiff obtains dismissal *with prejudice* because the defendant cannot be made to defend again." (Doc. 25 at 5 (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997))). Plaintiff cites *AeroTech, Inc. v. Estes*, 110 F.3d 1523, for this proposition. But *AeroTech, Inc.* is distinguishable because the court there was applying federal law in a federal question case. *See id.* at 1525–26, 1527–28. In contrast, here the Court must apply Arizona law because Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and the underlying substantive issue in this declaratory action of whether the insurance policy issued to the Henig Defendants by Plaintiff covered Defendant Radomski's tort claims against the Henig Defendants depended upon Arizona contract law. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (alteration in original) (citations omitted)). Plaintiff points to no authority under Arizona law that establishes Plaintiff's so-called "general rule" that attorneys' fees are not awarded where a case is dismissed with prejudice.

Indeed, § 12-341.01(A) provides, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." § 12-341.01(A). Nothing in this provision's language supports Plaintiff's argument that cases that were dismissed with prejudice are exempt from an award of attorneys' fees. *See Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1237, 1249–50 (D. Ariz. 2014) (awarding attorneys' fees under § 12-341.01 where case was dismissed with prejudice); *Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*, 119 P.3d 477, 478 ¶ 1, 483–85 ¶¶ 29–38, 40 (Ariz. Ct. App. 2005) (affirming trial court's award of attorneys' fees under § 12-341.01 to defendant after case was dismissed with prejudice). In short, under § 12-341.01(A), the relevant threshold inquiry for determining whether a party is eligible for

attorneys' fee is whether the party requesting attorneys' fees can be deemed the "successful party."

As such, the Court must determine whether the Henig Defendants can be deemed "successful." In determining whether a party is successful, Arizona courts look at "the totality of the circumstances and the relative success of the litigants." *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1283 (9th Cir. 2013) (quoting *McAlister v. Citibank*, 829 P.2d 1253, 1262 (Ariz. Ct. App. 1992)). For example, this Court concluded in *St. Paul Guardian Insurance Co. v. Town of Colorado City* that the defendant there was the successful party because it prevented the plaintiff insurance companies from "extricat[ing] themselves from providing coverage for [plaintiff] through settlement of the underlying litigation." No. CV-13-08297-PCT-JAT, 2016 WL 4181190, at *4 (D. Ariz. Aug. 8, 2016). The defendant there prevailed, in part, on a motion for summary judgment filed by the plaintiff insurance companies in an effort to secure a declaration that they did not have to defend plaintiff. *Id.* at *2–3. The Court noted that "a party's measure of success in this case is largely defined by the impact on the underlying litigation." *Id.* at *3. The Court determined that the defendant's partial success on the motion for summary judgment kept the plaintiff insurance companies in the underlying litigation, and thus, the defendant obtained a successful outcome. *Id.* at *4. It was this outcome that prompted the Court to find that the defendant was a successful party. *See id.*

In contrast, here, the Henig Defendants did not obtain any successful outcome in either the litigation with Plaintiff or the underlying litigation between themselves and Defendant Radomski. Approximately three months after the Court's Rule 16 Scheduling Order (Doc. 21) was filed, Plaintiff obtained a settlement for the Henig Defendants in the underlying litigation making its Complaint here moot. (Doc. 22; Doc. 23). Although Plaintiff sought declaratory relief that would have relieved it of its duty to defend the Henig Defendants under the insurance contract, (Doc. 1 at 12–13), there is no indication that Plaintiff would have stopped defending the Henig Defendants until it received a declaration indicating it had no duty to defend them. Additionally, the Henig Defendants specifically

noted in their Motion that this Court did not address any merits issue during the course of litigation. (Doc. 24 at 4.) In sum, nothing the Henig Defendants did here had any "impact on the underlying litigation," unlike the plaintiff's partially successful motion for summary judgment in *St. Paul Guardian*.

Rather, this case is like *O'Dowd v. UNUM Life Ins. Co. of Am.*, No. 05-722 TUC GEE, 2006 WL 2872425 (D. Ariz. Oct. 6, 2006). In *O'Dowd*, plaintiff's husband was killed, and plaintiff made a claim for death benefits under an insurance policy her husband had purchased. *Id.* at *1. While the insurance company was investigating the claim, plaintiff filed suit alleging several claims relating to the insurance company's failure to pay out the death benefits. *Id.* at *1–2. Shortly thereafter, the defendant insurance company completed its investigation and paid out the claim rendering the litigation moot. *Id.* at *1–3. Plaintiff requested attorneys' fees. *Id.* at *2. The Court concluded that the key question in resolving whether plaintiff was the successful party was "whether [the defendant insurance company] paid the claim because it concluded its investigation or because [plaintiff] filed suit." *Id.* at *5. The Court found that the defendant insurance company paid out the policy in the "ordinary course of business" after it completed its investigation. *Id.* at *4–5. As such, the Court reasoned that the litigation did not affect the insurance company's decision to pay out the death benefits at all, which showed that plaintiff was not the successful party. *Id.*; *cf. Willow Creek Leasing, Inc. v. Bartzen*, 742 P.2d 840, 843 (Ariz. Ct. App. 1987) (holding that a party was not the "successful party" under a similar attorney fees' statute because it achieved nothing in the litigation).

Similarly here, as noted above, the Henig Defendants did nothing in this litigation to cause Plaintiff to continue defending them in the underlying litigation or to settle the underlying litigation for the Henig Defendants. (*See* Doc. 25 at 7). Plaintiff here continued to defend the Henig Defendants in the ordinary course of business and happened to successfully bring an end to the state court litigation. Consequently, unlike *St. Paul Guardian*, where this Court found that the insured defendant was the successful party because it kept the insurance companies in the litigation by prevailing on an issue on

summary judgment, here, the Henig Defendants achieved nothing in this litigation. *See also Willow Creek Leasing, Inc.*, 742 P.2d at 843. This case was simply rendered moot without the parties or this Court taking any action, within this litigation, at all, just like the litigation in *O'Dowd*. Because the Court cannot say that the Henig Defendants' efforts in this litigation had any "impact on the underlying litigation" or any effect in general, the Court finds that the Henig Defendants were not successful in this litigation. *Cf. St. Paul*, 2016 WL 4181190, at *4. Accordingly, their Motion for Award of Attorneys' Fees (Doc. 24) is denied.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Defendants Craig Henig, Dayna Henig, David Henig, Joshua Henig, and Sammy Henig's Motion for Award of Attorneys' Fees (Doc. 24) is **DENIED**.

Dated this 18th day of September, 2019.

*James A. Teilborg*
Senior United States District Judge